IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENNIS R. BROCK,

    Petitioner,

    v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:16-CV-00843
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On December 1, 2016, the Magistrate Judge granted Respondent's *Second Motion for Extension of Time to Answer* (ECF No. 7) the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, giving the Respondent until February 1, 2017, to file a Response. *Order* (ECF No. 8.)  Petitioner objects to the extension of time for the filing of a Response to the *Petition*. *Objection* (ECF No. 9.)  For the reasons that follow, Petitioner's *Objection* (ECF No. 9) is **OVERRULED**.

Respondent's *Second Motion for Extension of Time to Answer* (ECF No. 7) is **GRANTED**.  Respondent shall file a Response to the *Petition* on or before February 1, 2017.

Petitioner contends that Respondent has failed to establish good cause for an extension of time until February 1, 2017, to file a Response to the *Petition*, as counsel for the Respondent already has some familiarity with state court proceedings in this case, and because Petitioner's primary challenge involves the trial court's alleged lack of subject matter jurisdiction, an issue which Petitioner maintains is not unduly complex.  Moreover, Petitioner complains that he remains unlawfully incarcerated, and any further delay merely serves to extend the wrongful restraint of his freedom.  This Court is not so persuaded.

The advisory committee notes following Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts indicate that the Court has the discretion to take into account factors such as the respondent's workload and the availability of transcripts in determining a time period within which an answer must be made. *See Mahaday v. Cason*, 222 F.Supp.2d 918, 921 (E.D. Mich. 2002).

Here, Petitioner challenges his August 15, 2007, convictions after a jury trial in the Hancock County Court of Common Pleas on thirteen counts of rape of a child less than ten years of age. He is currently serving thirteen consecutive terms of life incarceration. *See State v. Brock*, No. 5-07-42, 2008 WL 2582574 (Ohio App. 3rd Dist. June 30, 2008). The case involves a lengthy and complex procedural history, as Petitioner filed numerous motions and appeals with the Hancock County Common Pleas Court, the Third District Court of Appeals, the Twelfth District Court of Appeals, the Fourth District Court of Appeals, and the Ohio Supreme Court, ultimately resulting in the state courts' declaration of Petitioner as a vexatious litigator, prohibiting him from further repeated filings. *See Ohio Atty. Gen. v. Brock*, No. 14CA19, 2015 WL 5833976 (Ohio App. 4th Dist. Oct. 1, 2015). Petitioner has provided a listing of some of his state court filings in this case, but he indicates that it is neither complete nor in chronological order. *Petition* (ECF No. 1, PageID# 71.) Further, the *Petition* is 76 pages in length. Petitioner raises twenty-nine separate claims for relief. Respondent indicates that it has taken an unusually long time to prepare a Response to the *Petition* in view of the voluminous state court record and due to a delay in obtaining transcripts from the state trial court. Additionally, Respondent must determine application of 28 U.S.C. § 2244(d)(2), the tolling provision of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act, to Petitioner's numerous state court filings in this case, in order to determine whether this action may be time-barred.

Petitioner challenges a presumptively valid state conviction, *see Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993), for which he is currently serving thirteen consecutive terms of life incarceration. While the Court recognizes the need to expeditiously adjudicate a habeas corpus petition, as there is always a possibility that a prisoner may be wrongfully detained, quick adjudication of the case should not be at the expense of an incomplete review. *See Mahaday v. Cason*, 222 F.Supp.2d at 922.

Therefore, Petitioner's *Objection* (ECF No. 9) is **OVERRULED**.

Respondent's *Second Motion for Extension of Time to Answer* (ECF No. 7) is **GRANTED**. Respondent shall file a Response to the *Petition* on or before February 1, 2017.

**IT IS SO ORDERED.**

12/16/16

JAMES L. GRAHAM
United States District Judge