# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

DENNIS R. BROCK,

      Petitioner,                        **Case No. 2:16-cv-00843**
                                         **JUDGE JAMES L. GRAHAM**
                                         **Magistrate Judge King**

ROSS CORRECTIONAL
INSTITUTION,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Motion to Dismiss* (ECF No 12), Petitioner's *Response to Motion to Dismiss* (ECF No. 13), Respondent's *Reply* (ECF No. 14), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d), and that Petitioner's motions for summary judgment (ECF Nos. 15, 17) be **DENIED.**

### Facts and Procedural History

The Ohio Third District Court of Appeals summarized the facts and procedural history of this case as follows:

> Defendant–Appellant Dennis R. Brock ("Brock") appeals the August 20, 2007 Judgment Entry of the Court of Common Pleas of Hancock County, Ohio sentencing him to life in prison for each of thirteen counts of Rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree to be served consecutively. In total, Brock was sentenced to thirteen consecutive life terms. Brock was also classified as a sexual predator.

This matter stems from events occurring in June of 2004 at the home Brock shared with his wife, Eva Charlene Brock ("Charlene") in Rawson, Ohio. On June 8, 2004, Brock and Charlene's son, Eric Brock ("Eric") and his five year-old daughter, Lizzy, were visiting in Rawson, Ohio. Eric, his wife, and Lizzy reside in Minnesota.

On June 10, 2004 Eric returned to Minnesota, leaving Lizzy to spend a week or two with her grandparents. Charlene was primarily responsible for the care of her granddaughter during her visit. On June 11, 2004 Charlene was tired from poor sleep the prior night and keeping up with five-year old Lizzy all day. Charlene asked Brock if he would watch Lizzy while she took a nap. Brock agreed.

When Charlene woke up from her nap, she gave Lizzy a craft project to work on to occupy her. Charlene alternated between preparing dinner and checking on Lizzy.

While Lizzy was working on her craft project, Charlene asked her what Lizzy and Brock had done while Charlene napped. Lizzy stated that they had played games. Lizzy then stated that "grandpa looked at my privates." (Tr.p.383). Charlene then asked Lizzy if she understood what "privates" meant and Lizzy stated that "it's where you pee and you poop." *Id.*

Charlene was disturbed by this information and asked Lizzy if she was sure about what she was telling Charlene. Lizzy responded that she was sure and that "he licked me like a dog. That's yucky." *Id*. Lizzy also stated that Brock "stuck things up [her] butt." Charlene inquired as to what those things were and Lizzy described a screwdriver, mini flashlight, and other tools contained in Brock's workshop.

After hearing Lizzy's statements, Charlene quickly arranged to return Lizzy to her parents in Minnesota. Upon returning Lizzy, Charlene stayed with Eric's family in Minnesota for four months before returning to Ohio. When Charlene returned to Rawson, Ohio she sought counseling.

In counseling, Charlene discussed the abuse. Charlene's counselor subsequently reported the abuse to the Hancock County Sheriff's Office.FN1

FN1: Under Ohio law Charlene's counselor was a mandatory reporter of child abuse.

Based on this report, Detective Timothy Graydon from the Hancock County Sheriff's Office went to the Brock residence and interviewed Charlene on April 18, 2005. After Detective Graydon finished speaking with Charlene, Brock arrived home. Detective Graydon asked Brock if they could speak in private. Brock then took Detective Graydon out to his workshop behind the house.

Brock stated that he assumed Detective Graydon was there to discuss what happened ten months ago with Lizzy. Detective Graydon then explained Brock's *Miranda* rights to him using a form. Brock read the rights aloud, indicated that he understood those rights and signed a *Miranda* waiver. Brock then proceeded to give a full account of what occurred on June 11, 2004 when he was alone with Lizzy, detailing abuse that was consistent with Lizzy's explanation of the events. During the interview, Brock also showed Detective Graydon the bedroom in the house where the abuse occurred. After interviewing Brock, Detective Graydon made the decision to arrest him.

On October 4, 2005, Brock was indicted by the Hancock County Grand Jury on thirteen counts of Rape in violation of R.C. 2907.02(A)(1)(b), each a felony of the first degree. Each count also contained a penalty specification as to the victim's age, indicating that the victim was less than ten years of age.

On October 5, 2005, Brock entered pleas of not guilty by reason of insanity to all counts of the indictment and requested a competency evaluation. On October 27, 2005, the trial court held a hearing to review the competency evaluation submitted by Dr. Thomas G. Sherman of the Court Diagnostic and Treatment Center. The trial court found Brock competent to stand trial.

On December 8, 2005, Brock filed a motion to suppress evidence. Specifically, Brock contends that his oral confession should have been suppressed. Brock also filed numerous pre-trial motions concerning the admissibility of various evidence, including a motion to prevent the State from introducing certain out of court statements made by Lizzy.

The State subsequently responded to the motions. On January 26, 2006 and February 21, 2006, evidentiary hearings were held for the court to hear evidence to decide Brock's motions.

On February 16, 2006, the trial court issued a written opinion on Brock's motion to suppress finding that Brock had waived his

*Miranda* rights before confessing to the detective. The court also found that no custodial interrogation occurred in this case. On March 13, 2006 the trial court ruled on Brock's various motions. Included in the March 13, 2006 Entry was a finding that Lizzy's out of court statements were admissible.

On April 10, 2006, Brock entered a plea of no contest to all thirteen counts of the indictment. The trial court found Brock guilty and continued the matter for sentencing. The case came before the trial court for sentencing on May 9, 2006. Brock was classified as a Sexual Predator and sentenced to four consecutive life sentences.

Brock subsequently attempted to appeal his convictions and sentence, apparently under the mistaken belief that the trial court's pre-trial rulings were appealable. This Court found substantial evidence in the record to support the contention that Brock's no contest plea was entered upon the mistaken belief of both counsel and the trial court that pre-trial rulings would be appealable. However, this Court found that only the denial of Brock's motion to suppress was appealable and that all other pre-trial motions in limine were not appealable after Brock entered a no contest plea. Therefore, this Court vacated the judgment of the trial court and remanded for further proceedings. *State v. Brock*, 3rd Dist. No. 5–06–27, 2006–Ohio–6681.

After the case was remanded, the first pre-trial was held on January 11, 2007. On February 9, 2007 Brock again requested a competency evaluation and entered a plea of not guilty by reason of insanity. We also note that Brock again filed a number of motions in limine during the pre-trial period. In an Entry issued August 3, 2007 the trial court noted that all pre-trial motions had been previously resolved in the March 13, 2006 Entry. The trial court incorporated those findings into its August 3, 2007 Entry.

A jury trial was held from August 13–15, 2007. On August 15, 2007 the jury found Brock guilty of all thirteen counts of Rape. On August 20, 2007 Brock was sentenced to thirteen consecutive terms of life in prison, one for each count of Rape, for a total of thirteen consecutive life terms. Brock was also labeled a sexual predator.

Brock now appeals asserting four assignments of error.

ASSIGNMENT OF ERROR I

BROCK'S CONSTITUTIONAL RIGHT AGAINST SELF–
INCRIMINATION WAS VIOLATED BECAUSE ANY
INCRIMINATING STATEMENTS GIVEN TO AUTHORITIES
SHOULD HAVE BEEN SUPPRESSED.

ASSIGNMENT OF ERROR II

BROCK'S CONSTITUTIONAL RIGHTS PURSUANT TO THE
CONFRONTATION CLAUSE WERE VIOLATED BY THE
TRIAL COURT'S DECISION THAT STATEMENTS MADE BY
BROCK'S GRANDDAUGHTER TO HER GRANDMOTHER
WERE ADMISSIBLE, AND THE STATEMENTS WERE
LIKEWISE INADMISSIBLE UNDER EVID. R. 807 BECAUSE
THE TRIAL COURT DID NOT MAKE THE NECESSARY
PREREQUISITE FINDINGS.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY FAILING TO GRANT
BROCK'S RULE 29 MOTION BECAUSE THE STATE DID
NOT PROVIDE COMPETENT EVIDENCE TO PROVE EACH
COUNT BEYOND A REASONABLE DOUBT, AND HIS
RIGHT TO DUE PROCESS WAS OTHERWISE VIOLATED.

ASSIGNMENT OF ERROR IV

LETTERS SENT BY DENNIS BROCK TO HIS WIFE SHOULD
NOT HAVE BEEN ADMITTED BECAUSE THEY WERE
PROTECTED BY SPOUSAL PRIVILEGE, AND WERE NOT
VOLUNTARILY PRODUCED.

*State v. Brock*, No. 5-07-42, 2008 WL 2582574, at *1-3 (Ohio App. 3rd Dist. June 30, 2008). The

state appellate court affirmed the judgment of conviction. *Id.* On December 3, 2008, the Ohio

Supreme Court dismissed the appeal. *State v. Brock*, 120 Ohio St.3d 1421 (2008).

Petitioner subsequently filed numerous motions and appeals with the Hancock County

Common Pleas Court, the Ohio Third District Court of Appeals, the Ohio Twelfth District Court

of Appeals, the Ohio Fourth District Court of Appeals, and the Ohio Supreme Court. He has

provided a listing of some of those filings, but he indicates that it is neither complete nor in

chronological order. *Petition* (ECF No. 1, PageID# 71.) Respondent has provided a lengthy and

detailed history of Petitioner's numerous filings, attaching exhibits. *Motion to Dismiss* (ECF No. 12, PageID# 115- 122; ECF No. 12-1, PageID# 153-770). Rather than detailing all of these filings, it is sufficient to note that Petitioner's earliest action involved his December 8, 2008 delayed application to reopen the appeal and, further, that the state courts denied all of Petitioner's actions as untimely or improperly filed. *Id.* Ultimately, the state courts found Petitioner to be a vexatious litigator and prohibited him from filing any additional actions regarding his convictions. The state appellate court dismissed Petitioner's appeal from the trial court's designation of him as a vexatious litigator for failure to comply with Ohio statutory procedural requirements:

> Defendant-appellant, Dennis R. Brock ("Brock"), appeals the decision of the Hocking County Common Pleas Court granting summary judgment in favor of plaintiff-appellee, the Ohio Attorney General ("OAG"). The OAG filed a vexatious litigator complaint against Brock pursuant to R.C. 2323.52. During the proceedings, the OAG filed a motion for summary judgment. The trial court granted the motion, declared Brock to be a vexatious litigator, and imposed a preliminary injunction under Civ.R. 65 against Brock. Brock now appeals the trial court's decision.
>
> Brock argues that he is not a vexatious litigator because he should have been granted a mandatory hearing pursuant to R.C. 2969.24(C) prior to the dismissal of his habeas corpus petition which was filed in December 2013 in this court. However, we find that Brock failed to comply with R.C. 2969.25(A) and (C). Brock included in his notice of appeal an affidavit of indigency requesting a waiver of fees but it failed to include a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, in violation of R.C. 2969.25(C). Brock also failed to provide an affidavit describing each civil action or appeal of a civil action within the last five years, in violation of R.C. 2969.25(A). Therefore, we dismiss this appeal.
>
> I.      Facts
>
> In August 2007, a jury found Brock guilty of 13 counts of Rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b). The

trial court sentenced Brock to 13 consecutive life sentences. Upon his direct appeal, the Third District Court of Appeals affirmed the trial court's convictions and sentences. Since then, Brock has filed numerous motions and appeals with the Hancock County Common Pleas Court, the Third District Court of Appeals, the Twelfth District Court of Appeals, the Fourth District Court of Appeals, and the Ohio Supreme Court.

In May 2012, Brock filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals. That court granted the respondent's motion to dismiss and dismissed Brock's petition on the ground that habeas corpus relief was not a proper remedy for Brock's various legal challenges. *Brock v. Brunsman,* 12th Dist. Warren No. CA2012–05–043. Brock appealed the Twelfth District's dismissal to the Ohio Supreme Court. The Ohio Supreme Court dismissed his appeal as untimely and further found Brock to be a vexatious litigator under S.Ct.Prac.R. 4.03(B), citing five different Ohio Supreme Court decisions involving Brock. *See Brock v. Moore*, 135 Ohio St.3d 188, 2013–Ohio–70, 985 N.E.2d 465 (case name changed because Moore was substituted for Brunsman as the warden respondent to the petition).

Later, Brock was transferred from the Lebanon Correctional Facility Institute in Warren County to the Hocking Correctional Facility in Hocking County. Then, Brock filed a petition for a writ of habeas corpus in this court in December 2013. The OAG filed a motion to dismiss Brock's petition. In March 2014, this court granted the OAG's motion and dismissed Brock's petition because it failed to establish that the trial court lacked jurisdiction over his criminal trial; and he had other adequate legal remedies he could have pursued to protect his rights. *Brock v. Duffey*, 4th Dist. Hocking No. 13CA25.

The case *sub judice* commenced in May 2014 when the OAG filed a vexatious litigator complaint against Brock. Brock filed a Civ.R. 12(B)(1) and 12(B)(6) motion to dismiss and a Civ.R. 13(D) counterclaim. The OAG filed a motion for summary judgment; and Brock then filed an "opposition to plaintiff's reasons for summary judgment." Brock proceeded to file approximately twelve various motions such as multiple motions to dismiss and motions arguing the merits of a habeas corpus petition.

In August 2014, the trial court filed a judgment entry granting summary judgment in favor of the OAG. The trial court declared Brock a vexatious litigator under R.C. 2323.52; imposed R.C. 2323.52(D) vexatious litigator restrictions against Brock; and

issued a preliminary injunction under Civ.R. 65. The trial court stated: "This Court hereby issues a preliminary injunction under Civ. R. 65 which prohibits Dennis R. Brock from instituting any litigation, continuing any litigation, or making any application in any litigation in any Ohio Common Pleas, Municipal, County, or Appellate Court while this litigation is pending, without first obtaining leave from this Court[.]"

Shortly thereafter, Brock filed an appeal from the trial court's decision without first obtaining leave from the court of appeals to proceed pursuant to R.C. 2323.52(F)(2). On October 27, 2014, we ordered Brock to file his application for leave to proceed with this court in accordance with R.C. 2323.52(F)(2) within twenty days from the entry date of that order. On November 12, 2014, the trial court filed an entry stating that it was correcting the record to reflect that on or before September 5, 2014, Brock filed a motion for leave to appeal but that his motion was subsequently lost or destroyed. The trial court had granted Brock's motion for leave to file an appeal but it was never properly ruled upon by the court of appeals pursuant to R.C. 2323.52(F)(2).

On December 18, 2014, this court found that the error regarding the motion for leave to appeal was not jurisdictional and ruled that Brock's motion for leave to appeal was timely filed on or before September 5, 2014. Brock and the OAG subsequently filed appellate briefs for this court to consider. In our December 2014 decision we specifically instructed that this appeal be limited to the trial court's determination that Brock is a vexatious litigator.

***

Brock appeals the trial court's summary judgment against him. He argues that he is not a vexatious litigator. Instead, he contends that he is just being persistent in trying to make this court understand that his present incarceration is illegal. Brock fashions a creative argument. He basically argues that he cannot be considered a vexatious litigator because he has not been afforded a hearing on the OAG's motion to dismiss his petition for habeas corpus that he filed before this court in December 2013. Brock first sets forth the premise that he can be designated as a vexatious litigator if his habeas corpus case is a civil case. He then argues that if his habeas corpus case is indeed categorized as a civil case, then he was entitled to a mandatory hearing pursuant to R.C. 2969.24(C). Thus, he argues that his right to due process has been violated.

***

The OAG argues that Brock's appeal is procedurally defective. The OAG alleges that Brock failed to file a complete waiver of the pre-payment requirement as required by R.C. 2969.25(C) and a prior civil lawsuit affidavit as required by R.C. 2969.25(A) when he filed his appeal of the trial court's judgment. The OAG contends that these requirements are mandatory for this type of appeal and incurable by later filings.

R.C. 2969.25(A) and (C) state:

(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

* * *

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

"The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." (Quotation omitted.) *Boles v. Knab*, 129 Ohio St.3d 222, 2011–Ohio–2859, 951 N.E.2d 389, ¶ 1. The failure to file affidavits required by R.C. 2969.25(A) and (C) at the commencement of an original action or appeal cannot be cured by a delayed filing. *Id.* at ¶ 2; *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003–Ohio–5533, 797 N.E.2d 982, ¶ 9. The Ohio Supreme Court has made it clear that neither R.C. 2969.25(A) nor (C) permit substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008–Ohio–4478, 894 N.E.2d 47, ¶ 4, citing *Martin v. Ghee,* 10th Dist. Franklin No. 01AP–1380, 2002 WL 523000 (Apr. 9, 2002).

According to R.C. 2323.52, actions to determine a person to be a vexatious litigator are civil actions. Brock is an inmate and the OAG is a government entity. Therefore, we agree that this appeal must comply with the requirements of R.C. 2969.25.

This court stated in *Simms v. Lane*, 4th Dist. Hocking No. 95CA25, 1996 WL 451360, *1 (Aug. 5, 1996):

Although we have consistently afforded considerable leniency in pro se actions brought by indigent prisoners, see *Wright v. Morris* (May 9, 1994), Ross App. No. 93CA1955, unreported and *Besser v. Griffey* (1993), 88 Ohio App.3d 379, 382, such leniency is not without limitation. *State ex rel. Karamasu v. Tate* (1992), 83 Ohio App.3d 199, 206.

We are subject to limits set forth by the Ohio Supreme Court when it states: "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal ." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003–Ohio–2262, 788 N.E.2d 634, ¶ 5, citing *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 286, 685 N.E.2d 1242 (1997); *see also, State ex rel. Jefferson v. Ohio Adult Parole Auth.*, 86 Ohio St.3d 304, 714 N.E.2d 926 (1999).

Brock has filed many different actions and appeals in the courts throughout Ohio. Even though he is representing himself, from

> filing the numerous cases, he should be well aware of the
> requirements of R.C 2969.25. In this appeal, Brock failed to file an
> affidavit describing each civil action or appeal of a civil action that
> he had filed in the previous five years in any state or federal court
> with his notice of appeal. Also, Brock failed to file a complete
> affidavit meeting the requirements of R.C. 2969.25(C). Brock did
> file an affidavit of indigency, requesting waiver of "any filing fees,
> court costs, costs of transcripts or other relevant documents* * *."
> However, the affidavit does not include a statement setting forth
> the balance in his inmate account for the proceeding six months,
> certified by the institutional cashier.
>
> Brock has failed to comply with the procedural requirements of
> R.C. 2969.25. Brock's failure to comply with mandatory
> requirements subjects his appeal to dismissal. We need not address
> the merits of Brock's assignment of error and the OAG's second
> argument that the trial court did not err in granting appellee's
> motion for summary judgment, declaring appellant a vexatious
> litigator, and imposing vexatious litigator restrictions against
> appellant.

*Ohio Atty. Gen. v. Brock*, No. 14CA19, 2015 WL 5833976, at *1-6 (Ohio App. 4th Dist. Oct. 1, 2015).  On October 1, 2015, the appellate court dismissed Petitioner's appeal.  *Id*.

On December 2, 2015, Petitioner also filed an action in this Court pursuant to 28 U.S.C. §§ 1915(e), 1915A, challenging the state court's designation of him as a vexatious litigator. *Brock v. DeWine*, Case No. 2:15-cv-03050 (S.D. Ohio).  On May 5, 2016, this Court dismissed that action for lack of subject matter jurisdiction and for failure to state a claim for relief.  *Id., Judgment* (ECF No. 14).

Petitioner executed the *Petition* on August 23, 2016.  He asserts as follows:

1. Petitioner's wrongful restraint continues only due to suspension of his Ohio habeas corpus privilege.

2. Insufficient indictment supporting § 2254 actual innocence requirement.

3. Violation of Sixth Amendment right to confront the witness against defendant/petitioner.

4. The State intentionally caused pre-indictment delay to gain tactical advantage over the accused.

5. The trial court failed to establish subject matter jurisdiction for 169 days.

6. The trial court had no jurisdiction to ignore Crim.R. 7(A) requirements of waiver of indictment, thereby lacking jurisdiction to present the indictment in the first instance and creating a double jeopardy violation.

7. The untimely indictment did not confer subject matter jurisdiction because its presentation instantly violated constitutional right, Fifth Amendment due process and cause of substantial prejudice.

8. Dismissal of an allowed writ by Civ.R. 12(B)(6) denies ruling on the merits: Where Ohio writ is only allowed for lack of jurisdiction, such decision continues a void sentence: Ohio thereby actively participating in slavery and involuntary servitude in violation of the Thirteenth Amendment.

9. Habeas petitioner denied citizenship privileges granted in the United States Constitution.

10. Habeas petitioner's constitutional rights violated when Ohio courts issued sanctions against him for pursuing constitutional privilege to petition for writ of habeas corpus, denying him habeas ability by effectively suspending his privilege of habeas corpus.

11. Where a trial court lacks jurisdiction, speedy trial right is cognizable in habeas corpus and presentable as a § 2254 "prejudice."

12. Due to the trial court never having obtained subject matter jurisdiction, criminal rules do not apply: thereby no state criminal proceeding applies and dismissal by Fed.R.Civ.P. 12(b)(1) is in order.

13. Petitioner has standing to pursue relief in federal habeas corpus because of state court's unreasonable application of suspending state habeas corpus.

14. The state of Ohio has no constitutional authority to suspend this petitioner's habeas corpus against the multiple errors presented: these multiple errors intentionally committed against petitioner render his case cognizable in federal collateral review.

15. By issuing an order for return of the writ the state of Ohio acknowledged the trial court's lack of jurisdiction but refused requested relief.

16. Petitioner "prejudiced" by lengthy indictment delay.

17. Lack of subject matter jurisdiction supports actual innocence by requirement of presumption of innocence.

18. The courts of Ohio have acted in a[n] arbitrary and capricious manner to effectively suspend this petitioner's habeas corpus action in violation of the United States and Ohio constitutionally listed privileges: this constitutes an independent due process and Eighth Amendment violation.

19. Ohio court's refuse to file any habeas corpus action alleging lack of subject matter by a trial court is clearly contrary to clearly established federal law as determined by the Supreme Court of the United States in *U.S. v. Cotton*, 1222 S.Ct. 1781.

20. Ohio Supreme Court has no authority to suspend, nor jurisdiction to abridge, enlarge, or modify any substantive right by its practice and procedure Rule 4.03(B).

21. Due Process and equal opportunity of law is denied when a court prejudicially applies law to make it appear it has made no error.

22. Petitioner's opportunities are definitely exhausted where the state of Ohio refuses to rule on the merits, denies any ability to file, and federal courts do not find this Ohio action an offense against the U.S.Constitution worthy of review.

23. Issues ignored [merits not rule on] that this petitioner raised in his Ohio petition for writ of habeas corpus; and were thereafter ignored.

24. Ineffective assistance of trial counsel provides § 2254 "cause."

25. Delayed indictment and trial of this contrived case presented to harass petitioner for ulterior motives.

26. Ohio Supreme Court refusal to file appeal of habeas corpus under claim of vexatious litigator amounts to suspension of allowed writ of habeas corpus in a manner that required monetary funds to obtain the privilege of habeas corpus.

27. Ohio state court decisions were contrary to, and unreasonable applications of, clearly established federal law, thus providing grounds for § 2254 review.

28. Where trial court failed to timely establish subject matter jurisdiction, and therefore lacks jurisdiction in the case, violation of speedy trial right continues.

29. Judicial prejudice exhibited when trial court judge knowingly presented false evidence to deny petitioner's claim of legal innocence.

In the *Motion to Dismiss*, Respondent contends that this action should be dismissed as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

## Motion for Summary Judgment

On February 22, 2017, and March 2, 2017, Petitioner filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF Nos. 15, 17). As a

basis for these motions, Petitioner contends that the Respondent failed to address the merits of hiss claims. He complains that the Respondent committed a default in the state appellate court and alleges that the State has acted in bad faith and for purposes of delay. *Motion for Summary Judgment* (ECF No. 17, PageID# 845). Petitioner also asks this Court to dismiss his designation as a vexatious litigator, and to award him reasonable attorney's fees. *Id.* (PageID# 846).

Summary judgment may be appropriate in some habeas corpus cases. *Blackledge v. Allison*, 431 U.S. 63, 80–81 (1977); *Browder v. Director*, 434 U.S. 257, 266, n. 10 (1978). However, the movant must show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record" or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court views the facts and any inferences that can be drawn from them in the light most favorable to the nonmoving party. *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted).

Summary judgment is disfavored in federal habeas corpus proceedings. *See Ruff v. Jackson*, No. 1:04–cv–014, 2005 WL 1652607, at *2 (S.D. Ohio June 29, 2005)(Summary

judgment is "tantamount to granting Petitioner a default judgment which is relief that is unavailable in habeas corpus proceedings.")(quoting *Alder v. Burt*, 240 F.Supp.2d 651, 677 (E.D. Mich. 2003) (internal citation omitted)). A habeas petitioner who seeks summary judgment must at a minimum satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure. *Franklin v. Mansfield Corr. Inst.*, No. 3:04–cv–187, 2006 WL 2128939 (S.D. Ohio July 27, 2006)(citing *Blackledge v. Allison*, 431 U.S. at 80–81; *Browder v. Director*, 434 U.S. at 266, n. 10 (1978)). Petitioner has failed to do so here.

Respondent argues that Petitioner's claims are time-barred or fail to present issues appropriate for federal habeas corpus relief. Respondent's defenses—which, if established, would foreclose habeas relief—must be resolved by the Court in order to determine whether Petitioner is entitled to relief. Under these circumstances, summary judgment in Petitioner's favor is not warranted. Further, as previously discussed by this Court in its dismissal of Petitioner's prior lawsuit in this Court, *see Brock v. Attorney General of the State of Ohio, Mike DeWine*, Case No. 2:15-cv-3050, *Report and Recommendation* (ECF No. 7, December 29, 2015), this Court lacks jurisdiction to grant Petitioner relief from the state courts' characterization of him as a vexatious litigator.

> Federal district courts do not stand as appellate courts for decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague*, 90 Fed.appx. 908, 910 (6th Cir. 2004). Federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005).

*Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013). Further, the record fails to support Petitioner's allegation that Respondent has acted improperly or in bad faith, and this Court is

without the authority to award attorney's fees in connection with the filing of a federal habeas corpus petition. *See McEvily v. Johnson*, No. 2:08-cv-520, 2009 WL 2242633, at *3 (E.D. Va. July 27, 2009)("federal habeas petitions under 28 U.S.C. § 2254 are not among the actions eligible under 1988 for the award of attorney's fees.")(citing 42 U.S.C.A. 1988(b) (2000); *Larsen v. Sielaff*, 702 F.2sd 116, 118 (7th Cir. 1983)). Moreover, application of the one-year statute of limitations in a habeas corpus proceedings does not violate the Suspension Clause. *See Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009)(citations omitted).

Therefore, the Magistrate Judge **RECOMMENDS** that Petitioner's motions for summary judgment (ECF Nos. 15, 17) be **DENIED**.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applying the provision of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on March 3, 2009, *i.e.,* ninety days after the Ohio Supreme Court's December 3, 2008, dismissal of his direct appeal, when the time for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000). The statute of limitations began to run on the following day, and expired one year later, on March 4, 2010. Petitioner waited more than six years and five months, until August 23, 2016, to execute the *Petition. Petition* (ECF No. 1, PageID# 15). None of Petitioner's state court filings filed after March 4, 2010, served to toll the running of the statute of limitations under § 2244(d)(2), either because the state courts denied all such actions as untimely or improperly filed, or because Petitioner filed them after the one-year statute of limitations had already expired. "The tolling provision does not. . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003)(citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y. 1998)); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003) (same). *See also Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2008)("[T]ime limits, no matter their form, are 'filing' conditions," and where the state court rejects a post conviction or collateral action as untimely, it is not "properly filed" so as to toll the running of the statute of limitations under § 2244(d)(2)).

Further, the record does not establish a basis for the equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 650 (2010)(A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing)(citing *Pace*, 544 U.S. at 418).

Petitioner insists that this action is timely, because he filed it within one year of the state appellate court's October 1, 2015, dismissal of his habeas corpus appeal. He argues that his claims relate not to his underlying judgment of conviction, but to the state courts' allegedly improper dismissal of his state habeas corpus petition, in which he raised issues regarding the trial court's lack of jurisdiction and the denial of his right to a speedy trial, and the dismissal of his appeal. Petitioner further argues that such claims may be brought at any time under the United States Supreme Court's decision in *United States v. Cotton*, 535 U.S. 625 (2002)(indicating that subject-matter jurisdiction, or "a court's power to hear a case, can never be forfeited or waived"), and that this action – which challenges the state courts' jurisdiction – is therefore timely. Petitioner also points to the fact that, because the state courts designated him a vexatious litigator, he can no longer obtain redress in the state courts. *Reply* (ECF No. 13).

These arguments are not persuasive. Petitioner's claims regarding the trial court's alleged lack of jurisdiction and his denial of the right to a speedy trial were known to him at the time of trial. Petitioner's claims are not timely at this point merely because he raised them in a state habeas corpus action filed long after the one-year statute of limitations had expired. Furthermore, Petitioner's reliance on the Supreme Court's decision in *Cotton* does not assist him, as that case does not stand for the proposition that a federal habeas corpus petitioner may avoid the one-year statute of limitations under 28 U.S.C. § 2244(d) merely by raising a claim regarding

a state trial court's alleged lack of jurisdiction. The Petitioner's "characterization of his claims as jurisdictional does not save them from the limitations period provided by § 2244(d)(1)(A)." *Hawkins v. Thomas*, No. 7:15-cv-01132-VEH-SGC, 2015 WL 9060337, at *3 (N.D. Ala. Nov. 18, 2015)(citing *Summerville v. Alabama Dep't of Corr.*, 2015 WL 5474460, at *3 (N.D.Ala. Sept. 16, 2015)); *see also Caldwell v. Bunting*, No. 5:14-cv-1546, 2015 WL 12803701, at *4 (N.D. Ohio Nov. 24, 2015)(claim under *Cotton* does not affect timeliness of petition), *Report and Recommendation rejected on other grounds by* 2016 WL 6995299 (N.D. Ohio Nov. 30, 2016). Further, Petitioner's claim that the state courts improperly denied his state habeas corpus petition and his appeal therefrom does not provide a basis for federal habeas corpus relief.

> The Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (rejecting as noncognizable in habeas corpus claim that Ohio's post-conviction scheme fails to provide defendants an adequate corrective process for reviewing claims of constitutional violations) (citing *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986)), *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby,* 794 F.2d at 247; *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002). Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby,* 794 F.2d at 248 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See Kirby*, 794 F.2d at 247–48.

*Wright v. Lazaroff*, 643 F. Supp. 2d 971, 990-91 (S.D. Ohio 2009) (footnote omitted). *See also Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 854 (6th Cir. 2017)(federal habeas corpus does not lie for challenges to a state's scheme of post-conviction relief)(citing *Greer v. Mitchell*, 264 F.3d at 681)(citing *Kirby v. Dutton*, 794 F.2d at 246; *Cress v. Palmer*, 484 F.3d

844, 853 (6th Cir. 2007)("the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration")(internal citations omitted)). "Errors or deficiencies in post conviction proceedings are not properly considered in habeas corpus proceedings." *Hayden v. Warden, Marion Correctional Institution*, No. 2:15-cv-2927, 2016 WL 2648776, at *3 (S.D. Ohio May 10, 2016)(citations omitted); *see also Bollar v. Miller,* No. 4:09-cv-472, 2009 WL 5217098, at *8 (N.D. Ohio Dec. 30, 2009)("Such a request is the quintessential example of what is not cognizable in a federal habeas petition.")(citations omitted).

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 12) be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d), and that Petitioner's motions for summary judgment (ECF Nos. 15, 17) be **DENIED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
May 18, 2017
