IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS R. BROCK,**

    Petitioner,

    v.

**ROSS CORRECTIONAL
INSTITUTION,**

    Respondent.

Case No. 2:16-cv-00843
JUDGE JAMES L. GRAHAM
Magistrate Judge King

**OPINION AND ORDER**

On May 18, 2017, the Magistrate Judge recommended that Respondent's *Motion to Dismiss* (Doc. 12) be granted, that Petitioner's motions for summary judgment (Docs. 15, 17) be denied, and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d). *Report and Recommendation* (Doc. 20). Petitioner objects to that recommendation. *Objection* (Doc. 21). Petitioner has also filed a motion to disqualify the Magistrate Judge. *Motion to Dismiss or Remove Magistrate Judge From This Case* (Doc. 22). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 21) is **OVERRULED**. The *Report and Recommendation* (Doc. 20) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (Doc. 12) is **GRANTED.** Petitioner's motions for summary judgment (Docs. 15, 17), and *Motion to Dismiss or Remove Magistrate Judge From This Case* (Doc. 22) are **DENIED**. This action is hereby **DISMISSED.**

Petitioner challenges his August 20, 2007 convictions, following a jury trial in the Hancock County Court of Common Pleas, on thirteen counts of rape. He is presently serving

thirteen consecutive terms of life imprisonment. On June 30, 2008, the Ohio Third District Court of Appeals affirmed the judgment of the trial court. *State v. Brock*, No. 5-07-42, 2008 WL 2582574 (Ohio App. 3rd Dist. June 30, 2008). On December 3, 2008, the Ohio Supreme Court dismissed the appeal from that decision. *State v. Brock*, 120 Ohio St.3d 1421 (2008). Petitioner has also unsuccessfully pursued numerous other state court actions, beginning in December 2008; however, the state courts denied all such actions as untimely or improperly filed, and ultimately prohibited him from filing additional actions regarding his convictions, characterizing Petitioner as a vexatious litigator. Petitioner executed the *Petition* on August 23, 2016. He raises twenty-nine (29) claims for relief. As noted, the Magistrate Judge recommended the dismissal of this action as time-barred and recommended the denial of Petitioner's motions for summary judgment as unwarranted.

In his objections, Petitioner first asserts that he is not requesting the dismissal of the state court's designation of him as a vexatious litigator but, rather, only a "legal document" or "letter of recommendation" that will assist him "in re-opening the door to Ohio's legal system[.]" *Objection* (Doc. 21, PageID# 877). According to Petitioner, it took him four years to discover the bases for his claims of the denial of the right to indictment, the denial of the right to a speedy trial, and the denial of the right to the effective assistance of counsel. He also alleges that the state courts improperly dismissed his state habeas corpus petition for failure to state a claim for relief. He maintains that this Court should equitably toll the statute of limitations because he has diligently pursued relief by filing more than sixty briefs in the last eight years, or an average of more than seven legal documents per year in the state courts. *Objection* (Doc. 21, PageID# 879-80). Moreover, Petitioner contends, the state courts' denial of the rights to an indictment and to a speedy trial, and the alleged suspension of his right to a state habeas corpus petition, constitutes

2

an extraordinary circumstance warranting consideration of the merits of his claims. Petitioner argues that the trial court lacked jurisdiction such that his convictions are void, and he also contends that the statute of limitations has not yet commenced. Petitioner claims that he is actually innocent of the charges against him. Finally, Petitioner seeks the removal or replacement of the Magistrate Judge pursuant to Rule 63 of the Federal Rules of Civil Procedure and based upon her alleged prejudice against him and lack of familiarity with the case. The Court will first consider this last contention.

Rule 63 of the Federal Rules of Civil Procedure provides that, "[i]f a judge <u>conducting a hearing or trial</u> is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties." (emphasis added). This case has never proceeded to a hearing or trial in this Court. Accordingly, Rule 63 has no applicability to this case. *Cf. Arrow-Hart, Inc. v. Philip Carey Co.,* 552 F.2d 711 (6th Cir. 1977).

Federal judges are required, under certain circumstances, to recuse themselves from any participation in a case. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Such circumstances include "where [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(a)(1). A judge is required to recuse herself under this statute "'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (quoting *Trotter v. International Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1144 (9th Cir. 1983)). This standard is an objective standard, and does not rely on the subjective view of any party.

3

*United States v. Summons*, 918 F.2d 592, 599 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Moreover, 28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

As an initial matter, the Court notes that Petitioner has not filed an affidavit with his motion. More significant is the fact that the bias or prejudice that mandates recusal must be wrongful or inappropriate, *i.e.*, either relying on knowledge acquired outside the proceedings or displaying deep-seated and unequivocal antagonism that would render fair judgment impossible. *Liteky v. United States*, 510 U.S. 540 (1994). In this regard, judicial rulings alone almost never constitute a basis for recusal. *Id.; United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

The record in this action provides no basis for Petitioner's allegation of bias or prejudice, or lack of familiarity with the case, on the part of the Magistrate Judge. In short, nothing in the record supports Petitioner's request that the Magistrate Judge be removed from the case. Moreover, this Court has conducted an independent *de novo* review of the action and of the Magistrate Judge's recommendation.

Having done so, this Court concludes that Petitioner's objections are not well taken. As discussed by the Magistrate Judge, the record does not reflect a basis for summary judgment on the Petitioner's behalf, and this Court lacks the authority to assist Petitioner in obtaining redress

from the state courts' characterization of him as a vexatious litigator. Moreover, the record establishes that this action is plainly time-barred. Petitioner waited almost six and one-half years after the statute of limitations had expired before executing the *Petition.* The record does not support Petitioner's claim that it took him four years to discover the factual bases for some of his claims, nor does it appear that Petitioner acted reasonably diligently in failing to earlier discover the factual bases for his claims such that this action would be timely under 28 U.S.C. § 2244(d)(1)(D). In fact, the record indicates that, in December 2008, Petitioner filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B) and asserted in that proceeding that he had been denied the effective assistance of counsel based on his attorney's failure to raise a claim regarding the denial of his right to a speedy trial. Further, Petitioner's mere "characterization of his claims as jurisdictional does not save them from the limitations period provided by § 2244(d)(1)(A)." *Hawkins v. Thomas*, No. 7:15-cv-01132-VEH-SGC, 2015 WL 9060337, at *3 (N.D. Ala. Nov. 18, 2015)(citations omitted)). Moreover, Petitioner's repeated filing of untimely and improper state court actions will not serve as a basis for the equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 650 (2010)(A petitioner must diligently pursue relief and show that some "extraordinary circumstance" prevented him from timely filing in order to obtain equitable tolling of the statute of limitations). To the contrary, nothing in the record reflects any extraordinary circumstance that prevented Petitioner from timely filing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The one-year statute of limitations may also be equitably tolled upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). "[A] petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate

through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991. at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter,* 395 F.3d at 590). Actual innocence in this context means factual innocence, not mere legal insufficiency. *Bousely v. United States,* 523 U.S. 614, 623 (1998). However, a petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo*]*,* 513 U.S. [298,] 316 [(1995)]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. . . . . "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled, however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321.

*Souter,* at 589-90 (footnote omitted). A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim. *McQuiggin v. Perkins*, ––– U.S. ––, 133 S. Ct. 1924, 1932-33 (2013). Unexplained delay, however, still undermines a petitioner's credibility. The Supreme Court has emphasized that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 332, 327).

6

Petitioner has failed to offer new, credible or reliable evidence of his actual innocence. Thus, Petitioner has failed to establish that he is entitled to the equitable tolling of the statute of limitations on this basis.

Therefore, Petitioner's *Objection* (Doc. 21) is **OVERRULED**. The *Report and Recommendation* (Doc. 20) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (Doc. 12) is **GRANTED**. Petitioner's motions for summary judgment (Docs. 15, 17), and *Motion to Dismiss or Remove Magistrate Judge From This Case* (Doc. 22) are **DENIED**. This action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Moreover, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the judgment entered in this action would be objectively frivolous and that Petitioner therefore should not be permitted to proceed *in forma pauperis* on appeal.

Date: June 14, 2017

\_\_\_\_s/James L. Graham_____
JAMES L. GRAHAM
United States District Judge