IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS R. BROCK,**

    Petitioner,

    v.

**WARDEN, ROSS CORR. INST.**

    Respondent.

Case No. 2:16-cv-843
JUDGE JAMES L. GRAHAM
Magistrate Judge Norah McCann King

## OPINION AND ORDER

On June 14, 2017, this Court dismissed, as time-barred, this action for a writ of habeas corpus under 28 U.S.C. § 2254. *Judgment* (ECF No. 25.) On July 20, 2017, the Court denied Petitioner's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *Order* (ECF No. 35.) On February 21, 2018, the United States Court of Appeals for the Sixth Circuit denied Petitioner's request for a certificate of appealability. *Order* (ECF No. 39.) On June 4, 2018, the United States Supreme Court denied the petition for a writ of *certiorari*. (ECF No. 41.) This matter is now before the Court on Petitioner's August 7, 2018, *Motion for Relief from Final Order for Lack of Jurisdiction* (ECF No. 42.) Respondent has filed a *Response in Opposition*. (ECF No. 43.) Petitioner has filed a *Reply*. (ECF No. 44.) For the reasons that follow, the Court **DENIES** Petitioner's motion.

In his current motion, Petitioner argues that this Court lacked jurisdiction to address the *Petition* because his convictions arose in Hancock County, Ohio, which is a county served by the United States District Court for the Northern District of Ohio, Western Division. He also argues that this Court's dismissal of the case violated the "International Covenant on Civil and Political

Rights (ICCPR)." (ECF No. 42, PAGEID # 954-55.) Petitioner asks that these proceedings be reopened and transferred to the Northern District of Ohio, Western Division, at Toledo.

Rule 60(b) provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1).[1] "Rule 60(b)(6) applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst*., 738 F.3d 741, 750 (6th Cir. 2013)). Even assuming that Petitioner's motion was filed in a timely fashion, Petitioner has failed to establish that he is entitled to the relief that he seeks.

Ohio is divided into two judicial districts, the Northern and Southern Districts of Ohio. 28 U.S.C. § 115. Hancock County, *i.e.,* the county of conviction, lies within the Northern District

---

[1] A petitioner's challenge to the district court's application of the one-year statute of limitations may properly be addressed under Rule 60(b). *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005).

2

of Ohio, Western Division. 28 U.S.C. § 115(a)(2). However, at the time he filed the action in this District, Petitioner was incarcerated at the Ross Correctional Institution, which lies within the Southern District of Ohio, Eastern Division. *See* 28 U.S.C. § 115(b)(2). *See also* S.D. Ohio Civ. R. 82.1(b). Under these circumstances, both the Northern and Southern Districts of Ohio were vested with jurisdiction over the case:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Thus, Petitioner's argument that the Court lacked jurisdiction over the case, merely because his conviction occurred in the Northern District of Ohio, is without merit.

Citing *United States v. Cotton*, 535 U.S. 625 (2002) (indicating that subject-matter jurisdiction, or "a court's power to hear a case, can never be forfeited or waived"), Petitioner also challenges this Court's dismissal of the action as time-barred: according to Petitioner, the state trial court lacked subject matter jurisdiction, and therefore his state court judgment was void and the one-year statute of limitations has never begun to run. *Reply* (ECF No. 44, PAGEID # 978-80.) Petitioner also complains that the Ohio courts have refused to address this claim, and he contends that this Court must now do so. *Id*. (PAGEID # 979-80.) This Court has already rejected the substance of this argument, noting that *Cotton* does not stand for the proposition that a federal habeas corpus petitioner may avoid the one-year statute of limitations under 28 U.S.C. § 2244(d) merely by raising a claim challenging a state trial court's jurisdiction. *Report and*

*Recommendation* (ECF No. 20, PAGEID # 872-73);[2] *Opinion and Order* (ECF No. 24, PAGEID# 903.)[3] Petitioner offers no grounds for reconsideration of that claim. To the contrary, this Court has previously held that "a petitioner who wishes to challenge a state court judgment cannot avoid this federal statute of limitations merely by characterizing his conviction as void under state law." *Westerfield v. Warden, Chillicothe Correctional Inst.*, No. 2:14-cv-2012, 2015 WL 3422269, at *1 (S.D. Ohio May 27, 2015).

Petitioner's argument that the ICCPR prohibits dismissal of this action as barred by the one-year statute of limitations likewise fails. The provisions of the ICCPR do not constitute judicially enforceable "law" of the United States, or a basis for relief under the provision of 28 U.S.C. § 2254. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. April 7, 2003) (grounds for relief under § 2255 and § 2241 do not include non-self-executing provisions of treaties, such as the ICCPR).

> Treaties are only cognizable in federal courts if they are either self-executing or Congress has passed appropriate enabling legislation. *United States v. Duarte–Acero,* 296 F.3d 1277, 1283 (11th Cir.2002). The ICCPR meets neither of these criteria. *See Buell v. Mitchell*, 274 F.3d 337, 372 (6th Cir.2001) (declining to bar the petitioner's execution per the ICCPR, even if its provisions are construed to outlaw the death penalty).

*Jocham v. Tuscola County*, 239 F.Supp.2d 714, 730 (E.D. Mich. Jan. 7, 2003).

> [T]he ICCPR does not provide an independent basis for challenging custody under § 2254, "because its provisions are not self-executing, and therefore not

---

[2] The Court stated:

> The Petitioner's "characterization of his claims as jurisdictional does not save them from the limitations period provided by § 2244(d)(1)(A)." Hawkins v. Thomas, No. 7:15-cv-01132-VEH-SGC, 2015 WL 9060337, at *3 (N.D. Ala. Nov. 18, 2015) (citing Summerville v. Alabama Dep't of Corr., 2015 WL 5474460, at *3 (N.D. Ala. Sept. 16, 2015)); see also Caldwell v. Bunting, No. 5:14-cv-1546, 2015 WL 12803701, at *4 (N.D. Ohio Nov. 24, 2015) (claim under Cotton does not affect timeliness of petition), Report and Recommendation rejected on other grounds by 2016 WL 6995299 (N.D. Ohio Nov. 30, 2016).

*Report and Recommendation* (ECF No. 20, PAGEID # 872-73.)

[3] "Further, Petitioner's mere 'characterization of his claims as jurisdictional does not save them from the limitations period provided by § 2244(d)(1)(A).'" *Opinion and Order* (ECF No. 24, PAGEID# 903.)

4

judicially enforceable 'law' of the United States." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (citing *Buell v. Mitchell*, 274 F.3d 337, 372 (6th Cir. 2001)); *see also U.S. Senate Resolution of Advice and Consent to Ratification of the International Covenant on Civil and Political Rights*, 138 Cong. Rec. 8068, 8071 (1992) (United States declaration that Articles 1 through 27 of ICCPR are not self-executing); Curtis A. Bradley & Jack L. Goldsmith, *Treaties, Human Rights, and Conditional Consent,* 149 U. Pa. L. Rev. 399, 446–451 (2000) (discussing legality of non-self-execution declarations).

*Wilson v. Trierweiler*, No. 1:17-cv-715, 2017 WL 3712173, at *8 (W.D. Mich. Aug. 29, 2017).

For all these reasons, then, Petitioner's *Motion for Relief from Final Order for Lack of Jurisdiction* (ECF No. 42) is **DENIED.**

**IT IS SO ORDERED**.

Date: September 18, 2018

                                                         s/ James L. Graham
                                                         JAMES L. GRAHAM
                                                         United States District Judge